IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>HARRY ARNOLD,<br><br>　　　　　　　Defendant. | NO. |

## DECLARATORY JUDGMENT COMPLAINT

AND NOW, comes the Plaintiff, Westfield Insurance Company, by and through its undersigned counsel, and files this Complaint for Declaratory Judgment in accordance with 28 U.S.C. § 1332 and the Declaratory Judgment Act, 25 U.S.C. § 2201. Westfield seeks a declaration that it is not obligated to defend or indemnify Harry Arnold in connection with an underlying action filed against him in the Court of Common Pleas of Cumberland County, at docket number 2023-02920 ("the underlying action"). Westfield alleges as follows:

### I.　　THE PARTIES

1.　　Westfield is a corporation organized under the laws of the State of Ohio, having its principal place of business at One Park Cir. Westfield Center, OH, and is therefore an Ohio citizen.

2.　　Defendant Harry Arnold is, upon information and belief, currently incarcerated in the Cumberland County jail.

{W1566600.1}

3. Upon information and belief, Defendant owned a home at 406 Brick Church Rd., Enola, PA 17025,[1] at which he resided until he was incarcerated.

4. Defendant is a Pennsylvania citizen.

## II. JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

6. As discussed below, the complaint in the underlying action ("the underlying complaint") seeks, for each of its two counts, unspecified damages in excess of the compulsory arbitration limits of Cumberland County, which are $50,000.[2]

7. The insurance policy issued by Westfield to Defendant Arnold has a limit of liability of $300,000 each occurrence.

8. Based upon the injuries[3] alleged in the underlying complaint, the damages requested, and Westfield's coverage limit, Westfield has a good faith

---

[1] The Cumberland County Tax aseessor identifies the same property as being 311 Brick Church Rd.
[2] See Cumberland County Local Rule 1301-1. https://www.cumberlandcountypa.gov/DocumentCenter/View/2370/Rules-of-the-Court-of-Common-Pleas?bidId=
[3] As discussed below, the underlying complaint alleges that Singer has suffered serious injuries, and it seeks, as damages for each of its two counts, an amount exceeding the arbitration limit. These strongly suggest that the reasonable value of the claims at issue in the underlying litigation

belief that the amount in controversy in the underlying action, with respect to which a declaratory judgment is sought in this matter, exceeds $75,000.[4]

9. Venue is proper in this Court, as Westfield issued the insurance policy at issue to Defendant Arnold in Cumberland County, Pennsylvania, which is within the province of the United States District Court for the Middle District of Pennsylvania.

10. Venue is further proper in this Court because the underlying action is pending in the Court of Common Pleas of Cumberland County, and alleges conduct which took place in Cumberland County, Pennsylvania, all of which is within this Court's province.

### III.  FACTUAL BACKGROUND

### A. The Underlying Complaint

11. On April 5, 2023, Plaintiffs, Ernest Singer and Linda Singer filed a complaint in the Court of Common Pleas of Cumberland County at docket number 2023-02920. See **Exhibit "A,"** a true and correct copy of the same.

12. The only defendant in the underlying action is Harry Arnold.

---

exceed $75,000. See Griffin v. Home Depot U.S.A., Inc., Civil Action No. 22-739, 2022 U.S. Dist. LEXIS 90838, at *5 (W.D. Pa. May 20, 2022).

[4] See Homesite Ins. Co. v. Neary, No. 17-2297, 2017 U.S. Dist. LEXIS 184990, at *6 (E.D. Pa. Nov. 8, 2017) (court found amount in controversy exceeded $75,000 where underlying action sought recovery for alleged traumatic brain injury, unspecified compensatory damages in excess of $50,000 were sought, and the insurance policy's limit of liability was $500,000).

13. It is alleged that on April 12, 2021, Ernest Singer ("Singer") was visiting his brother Roy, who resides at 402 Brick Church Rd., Enola, PA. Id. at ¶ 4.

14. Upon his arrival, Plaintiff parked his vehicle five to six parking spaces away from Roy's home, in front of or near the home of Defendant Harry Arnold ("Arnold"), at 406 Brick Church Rd., Enola. Id. at ¶ 5.

15. After his visit with his brother, Singer allegedly walked to his vehicle, only to find that it was "blockaded by Defendant's car and trailer, and is inaccessible." Id. at ¶ 6.

16. Singer allegedly requested that Defendant move his vehicle so that Plaintiff could access his automobile, but Defendant allegedly refused, and a verbal confrontation ensued. Id. at ¶ 7.

17. It is alleged that "During the confrontation, Defendant, with reckless indifference for the safety of Plaintiff, shove[d] Plaintiff backwards and cause[d] him to fall to the ground." Id. at ¶ 8.

18. It is alleged that "As a result of the careless, negligent and reckless act of Defendant in shoving Plaintiff," Singer suffered serious and permanent injuries, including an alleged traumatic brain injury, a concussion, post-concussive syndrome, shock to the nerves, and mental and physical anguish. Id. at ¶ 9.

19. Count I is styled Ernest Singer against Harry Arnold for "Negligence." It is alleged that Plaintiff's injuries "were the direct and proximate result of the negligent and careless conduct of Defendant, Harry Arnold" in "carelessly, negligently and/or recklessly engaging in a confrontation with Plaintiff," and "carelessly, negligently and/or recklessly initiating physical contact with, and aggressively shoving, Plaintiff to the ground." Id. at ¶ 15.

20. Count II is a derivative loss of consortium claim by Linda Singer.

21. The underlying complaint seeks unspecified damages in excess of the arbitration limits of cases in the Cumberland County Court of Common Pleas. Id. at ¶¶ 15, 17.

### B. THE CRIMINAL PROCEEDINGS

22. Prior to the filing of the underlying action, the district attorney of Cumberland County charged Defendant Arnold at docket number CP-21-CR-0001373-2021 with crimes connected to Arnold's "violent shoving" of Singer to the ground. See **Exhibit "B,"** a true and correct copy of the criminal dockets.

23. March 25, 2022, Arnold entered into a negotiated plea deal, whereby he pleaded guilty to the crimes of simple assault, graded as a misdemeanor of the second degree, and unlawful restraint, graded as a misdemeanor of the first degree.

24. A guilty plea colloquy was conducted on March 25, 2022. The factual predicate for the guilty plea was set forth by District Attorney Sodus, as follows:

{W1566600.1}

> The facts are that on April 12, 2021, at approximately 20 minutes after 2:00 in the afternoon, in the vicinity of 406 Brick Church Road, Enola, that's East Pennsboro Township, Cumberland County, Pennsylvania, Mr. Arnold had parked-in a vehicle that was already parked at the curb belonging to a Earnest Singer. When Mr. Singer attempted to address that situation with Mr. Arnold, Mr. Arnold put two hands on Mr. Singer's chest and ***shoved him violently and caused him to fall backward and strike his head on the pavement causing a traumatic brain injury,*** thereby making out the offenses – I should say at the time this event occurred, Mr. Singer also had a medical condition of AFib. In any event, having his car pinned-in and unable to move from a parking location put him at risk for death or serious bodily injury if he needed to address an emergency due to AFib, and also to access his medication due to AFib.

See **Exhibit "C,"** a true and correct transcript of the Guilty Plea Colloquy at 3:6-21 (emphasis added).

25. After the factual predicate was set forth, The Court then had the following colloquy with Arnold:

> Q  Mr. Arnold, did you hear what the District Attorney said that you did?
> A  Yes.
> Q  Is that what you did?
> A  Yes

Id. at 3:25-4:4.

26. Subsequently, the following colloquy took place:

> Q  Considering all of that, how do you wish to plead to the charge of simple assault, a misdemeanor in the second degree?
> A   I plead guilty.

{W1566600.1}

> Q  To the charge of unlawful restraint, a misdemeanor in the first degree?
> A  Guilty.

Id. at 5:14-20.

## IV.  THE WESTFIELD POLICY

27.  Westfield issued Wespak Policy WNP 4950312 ("the Westfield Policy" or "the policy") to Harry & Donna Arnold, 406 Brick Church Rd., Enola, PA 17025 for the policy period from September 10, 2020 to September 10, 2021, having a limit of liability for "Personal Liability" of $300,000 per occurrence. See **Exhibit "D,"** a true and correct copy of the Westfield Policy at Westfield-Policy19.

28.  Coverage for was written on form WN 30 37 (07/20), which includes the following insuring agreement for Section III – Personal Liability (Other than Auto):

> A. COVERAGE E – Personal Liability
>
> If a claim is made or a suit is brought against an *insured* for damages because of *bodily injury*, *property damage* or *personal injury* caused by an *occurrence* to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which an insured is legally liable; and
>
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the

{W1566600.1}

      occurrence has been exhausted by payment of a judgment or settlement.

    Id. at Westfield-Policy49.

29. The policy includes the following general definitions which apply to all parts:

> 1. **"Bodily injury"** means bodily harm, sick ness or disease, including required care, loss of services and death that results

    Id. at Westfield-Policy25.

30. The policy includes the following definitions which apply to the "Personal Liability" Coverage:

> 2. **"Bullying"** means a form of violence which includes attack or intimidation causing:
>
> > a. Fear, distress, or harm that is either physical, verbal, or psychological/relational; and
> >
> > b. Which can result in physical injury, social and emotional distress, and even death; whether or not expected or intended by an insured.
>
> \* \* \*
>
> 8. **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
>
> > a. **Bodily injury;** or
> >
> > b. **Property damage**.

Id. at Westfield-Policy50-51.

31. The policy includes the following relevant exclusions which apply to the "Personal Liability" coverage:

> Coverage **E** and **F** do not apply to the following:
>
> 1. Expected Or Intended Injury
>
> ***Bodily Injury*** or ***property damage*** which is expected or intended by an ***insured*** even if the resulting ***bodily injury*** or ***property damage***
>
>> a. Is of a different kind, quality or degree than initially expected or intended; or
>> b. Is sustained by a different person, entity or property than initially expected or intended.
>
> However, this Exclusion E.1. does not apply to ***bodily injury*** or ***property damage*** resulting from the use of reasonable force by an ***insured*** to protect persons or property;
>
> * * *
>
> 9. Act of Bullying And Electronic Aggression
>
> ***Bodily Injury*** or ***property damage*** arising out of the acts of ***bullying*** or ***electronic aggression*** by an ***insured***.
>
> <u>Id.</u> at Westfield-Policy56-57.

32. Westfield is defending Arnold in the underlying action, subject to a full reservation of rights.

{W1566600.1}

## V. CLAIMS FOR RELIEF

### COUNT I – DECLARATORY RELIEF
### PLAINTIFF V. DEFENDANT
### NO OCCURRENCE

33. Westfield incorporates by reference each preceding paragraph of this legal paper, as though set forth at length.

34. The Westfield policy only applies to damages caused by an "occurrence," which is defined as an accident.

35. Under Pennsylvania law, the term "accident" in an insurance policy refers to "an unexpected and undesirable event occurring unintentionally, and that the key term in the definition of the 'accident' is 'unexpected,' which implies a degree of fortuity." Donegal Mut. Ins. Co. v. Baumhammers, 595 Pa. 147, 158 (2007) (citing Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 589 Pa. 317, 333 (2006)).

36. In determining if a complaint alleges an "occurrence," the Court disregards the labels utilized in the complaint and relies solely on the factual allegations. Mut. Benefit Ins. Co. v. Haver, 725 A.2d 743 (Pa. 1999).

37. Here, the facts alleged by the underlying complaint are that Singer's vehicle was "blockaded"[5] by Arnold's car and trailer, that Singer requested[6] Arnold

---

[5] See **Exhibit "A,"** at ¶ 6.
[6] Id. at ¶ 7.

move his vehicle so that Singer could access his automobile, that Arnold refused[7] this request, that a verbal confrontation[8] ensued, that "During the confrontation, Defendant . . . shove[d] Plaintiff backwards and cause[d] him to fall to the ground,"[9] and that Arnold "initiat[ed] physical contact with, and aggressively shov[ed], Plaintiff to the ground."[10] See **Exhibit "A."**

38. The conduct alleged by the underlying complaint cannot be considered accidental or involving a degree of fortuity.

39. Blockading a vehicle and refusing to move it is not accidental or fortuitous.

40. Initiating physical contact in the midst of a confrontation and shoving a person to the ground is not accidental or fortuitous.

41. Moreover, by virtue of his guilty plea to unlawful restraint, Defendant Arnold is collaterally estopped from denying that his action were done knowingly.

42. Therefore, the underlying complaint does not allege an "occurrence," and therefore the Westfield Policy does not apply.

43. Moreover, Arnold's guilty pleas establishe, as a matter of law, that his conduct was not accidental, thereby eliminating any possibility of coverage.

---

[7] Id. at ¶ 7.
[8] Id. at ¶ 7.
[9] Id. at ¶ 8.
[10] Id. at ¶ 15.

**WHEREFORE**, Plaintiff prays this court enter declaratory judgment in its favor, declaring that Westfield has no duty to defend or indemnify Harry Arnold in connection with the civil action filed against him by Ernest Singer in the Court of Common Pleas of Cumberland County, at docket number 2023-02920.

### COUNT II – DECLARATORY RELIEF
### PLAINTIFF V. DEFENDANT
### INTENTIONAL ACTS EXCLUSION

44. Westfield incorporates by reference each preceding paragraph of this legal paper, as though set forth at length.

45. The factual allegations in the underlying complaint plainly depict an intentional course of conduct within the meaning of the intentional acts exclusion in Westfield's policy.

46. Moreover, Arnold admitted in open Court that he put two hands on Singer and "shoved [Singer] violently and caused him to fall backward and strike his head on the pavement." See **Exhibit "C,"** at 3:6-21.

47. Arnold also pleaded guilty to simple assault, a violation of 18 Pa. C.S. § 2701(a)(1), and to unlawful restraint, a violation of 18 Pa. C.S. § 2902(a).

48. Unlawful restraint is a specific intent crime, which requires subjective knowledge of each of the following: that the perpetrator has restrained the victim, that the restraint was unlawful, and that the perpetrator was exposing the victim to risk of serious bodily injury. See id.; see also Pa. SSJI (Crim) 15.2902A.

{W1566600.1}

49.     A person is guilty of simple assault under § 2701(a)(1), if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa. C.S. § 2701(a)(1).

50.     By virtue of his guilty pleas, Defendant Arnold is collaterally estopped from denying that he carried out his actions with the knowledge that he was unlawfully restraining Singer in circumstances that created a risk of serious bodily injury.

51.     Moreover, by virtue of his guilty pleas, Defendant Arnold is collaterally estopped from denying that, at a minimum, he was consciously aware of the fact that he was creating a substantial and unjustifiable risk of injury to Singer but nevertheless proceeded to injure Singer.

52.     Therefore, as a matter of law, Arnold expected the results of his knowing conduct, so intentional acts exclusion in the Westfield Policy eliminates coverage.

**WHEREFORE**, Plaintiff prays this court enter declaratory judgment in its favor, declaring that Westfield has no duty to defend or indemnify Harry Arnold in connection with the civil action filed against him by Ernest Singer in the Court of Common Pleas of Cumberland County, at docket number 2023-02920.

## COUNT III – DECLARATORY RELIEF
## PLAINTIFF V. DEFENDANT
## <u>BULLYING EXCLUSION</u>

53. Westfield incorporates by reference each preceding paragraph of this legal paper, as though set forth at length.

54. The factual allegations of the underlying complaint set forth a form of violence which caused distress and physical harm.

55. Thus, the underlying complaint alleges bodily injury caused by "bullying," as that term is defined in the Westfield Policy.

56. Therefore, the bullying exclusion eliminates coverage.

**WHEREFORE**, Plaintiff prays this court enter declaratory judgment in its favor, declaring that Westfield has no duty to defend or indemnify Harry Arnold in connection with the civil action filed against him by Ernest Singer in the Court of Common Pleas of Cumberland County, at docket number 2023-02920.

**FOWLER HIRTZEL McNULTY & SPAULDING, LLC**

Dated: May 11, 2023    By: _____
Matthew D. Vodzak, Esquire
Attorney No.: 309713
mvodzak@fhmslaw.com
Benjamin P. Novak, Esquire
Attorney No.: 326182
bnovak@fhmslaw.com
1860 Charter Lane, Suite 201
Lancaster, PA 17601
P: 717-696-0551

{W1566600.1}

## VERIFICATION

I, Darcy Ahart, being a representative of the Plaintiff in the above-referenced matter, and having knowledge of this matter, and being duly authorized to make this verification, hereby verify that the statements set forth in the foregoing "DECLARATORY JUDGMENT COMPLAINT" are true and correct to the best of my knowledge, and information and belief. I understand that this verification is made subject to the penalties of F.R.C.P. 11. To the extent that the foregoing contains legal conclusion and/or opinions, I hereby state that my Verification is made upon the advice of counsel, upon whom I have relied in the filing of this document.

By: _____
Darcy Ahart

DATE 5/10/23

{W1566278.1}