IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESTFIELD INSURANCE COMPANY,** | : | |
| Plaintiff | : | No. 1:23-cv-00784 |
| | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **HARRY ARNOLD,** | : | |
| Defendant | : | |

## MEMORANDUM

Before the Court is Defendant Harry Arnold ("Defendant")'s motion (Doc. No. 14) to open the default judgment entered against him and in favor of Plaintiff Westfield Insurance Company ("Plaintiff"). For the reasons that follow, the Court will deny Defendant's motion.

### I. BACKGROUND[1]

On April 5, 2023, Ernest and Linda Singer (hereafter "Non-Parties") filed a complaint in the Court of Common Pleas of Cumberland County against Defendant Harry Arnold. (Doc. No. 1 ¶ 11.) In that complaint, the Non-Parties allege that, on April 12, 2021, Ernest Singer, while visiting his brother Roy, encountered Defendant while attempting to leave his brother's home on Brick Church Road in Enola, Pennsylvania. (Id. ¶¶ 13–14.) Upon finding that his car was blocked in by Defendant's vehicle and trailer, Mr. Singer allegedly requested that Defendant move his vehicle so that he could access his own car, but Defendant refused. (Id. ¶¶ 15–17.) A confrontation ensued, and the underlying complaint asserts that Defendant shoved Mr. Singer to the ground, causing him serious injuries, including a traumatic brain injury. (Id. ¶¶ 16–18.) Plaintiff provided Defendant with a defense in the Cumberland County case (Doc. No. 10 at 8),

---

[1] The factual background is based on Plaintiff's complaint (Doc. No. 1), the exhibits attached to the complaint (Doc. Nos. 1-1 through 1-5), Plaintiff's brief in support of its motion for default judgment (Doc. No. 10), as well as the briefing by both parties on Defendant's pending motion to open the default judgment (Doc. Nos. 15, 16).

pursuant to a homeowners insurance policy it issued to Defendant and his wife Donna, which was operative from September 10, 2020 until September 10, 2021 (Doc. No. 1-5).  In so doing, Plaintiff hired the law firm of Thomas, Thomas, and Hafer ("TTH") to represent Defendant.  (Doc. No. 16 at 15.)  On June 9, 2021, the Cumberland County District Attorney brought criminal charges against Defendant arising from the aforementioned facts.  (Doc. No. 1-3.)  Defendant subsequently entered a negotiated plea deal, pleading guilty to the crimes of simple assault and unlawful restraint.  (Doc. No. 1 ¶ 23.)   Defendant was then incarcerated until May 23, 2023.  (Doc. No. 15 at 11–12.)

On May 11, 2023, Plaintiff initiated a declaratory judgment action in this Court, asking the Court to find that they had "no duty to defend or indemnify Harry Arnold in connection with the civil action filed against him by Ernest Singer in the Court of Common Pleas of Cumberland County."  (Doc. No. 1 at 14.)  On May 26, 2023, the summons was returned executed on Defendant.  (Doc. No. 5.)  Following Defendant's failure to file a responsive pleading, Plaintiff requested the entry of default (Doc. No. 7), which the Clerk of Court subsequently entered on June 15, 2023 (Doc. No. 8).  On June 16, 2023, Plaintiff filed a motion for default judgment (Doc. No. 9), as well as a brief in support of that motion (Doc. No. 10).  On August 3, 2023, the Court granted Plaintiff's motion for default judgment, holding that "Plaintiff has no duty to defend or indemnify Defendant Harry Arnold . . . in connection with the civil action pending at docket number 2023-02920-0, in the Court of Common Pleas of Cumberland County."  (Doc. No. 12.)

On June 26, 2024, Defendant filed a motion to open the default judgment.  (Doc. No. 14.)  On July 10, 2024, Defendant filed a brief in support of his motion.  (Doc. No. 15.)  On July 22, 2024, Plaintiff filed a brief opposing Defendant's motion to open the default judgment.  (Doc.

No. 16.) Defendant did not file a reply brief in further support of his motion, and because the time to do so has passed, the pending motion is ripe for disposition.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." See Fed. R. Civ. P. 55(c). Accordingly, Federal Rule of Civil Procedure 60(b), provides as follows:

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)   mistake, inadvertence, surprise, or excusable neglect;
>
> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)   the judgment is void;
>
> (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)   any other reason that justifies relief.

See Fed. R. Civ. P. 60(b). Additionally, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." See Fed. R. Civ. P. 60(c).

"In deciding a motion to vacate a default judgment, 'a standard of liberality, rather than strictness should be applied . . . and . . . [a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" Frank Gargiulo & Son Produce v. Monchys Rahway NJ, LLC, No. 22-cv-05743 2024 WL 3430555, at *1 (D.N.J. July

16, 2024) (internal quotations omitted) (citing Medunic v. Lederer, 533 F.2d 891, 893–94 (3d Cir. 1976)).  "Because entry of a default judgment is an extreme sanction, the entry of such a judgment is generally disfavored."  See Mrs. Ressler's Food Prod. v. KZY Logistics LLC, 675 F. App'x 136, 137 (3d Cir. 2017) (unpublished)[2] (cleaned up).  However, "the decision to vacate a default judgment is left to the sound discretion of the trial court."  See Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). "In exercising this discretion . . . the court must consider whether vacating the default judgment will visit prejudice on the plaintiff, whether the defendant has a meritorious defense, and whether the default was the result of the defendant's culpable conduct."  Id. (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).

"[A] threshold matter that must be satisfied before one can prevail on a Rule 60(b) motion is that such a motion be filed within a reasonable time."  Paluch v. Dawson, No. 06-cv-01751, 2008 WL 4132960, at *2 (M.D. Pa. Sept. 3, 2008).  Additionally, upon a finding that a motion is timely, "[t]he threshold issue in opening a default judgment is whether a meritorious defense has been asserted."  See Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984).  "[A] meritorious defense is presumptively established when the 'allegations of defendant's answer, if established on trial would constitute a complete defense to the action.'"  Id. (citing Tozer v. Charles A. Krause Mill. Co., 189 F.2d 242, 244 (3d Cir. 1951)).  "The defendant must allege 'specific facts beyond simple denials or conclusionary statements' in order to establish a

---

[2]  The United States Court of Appeals for the Third Circuit has acknowledged that its unpublished opinions may nonetheless contain persuasive reasoning.  See New Jersey, Dep't of Treasury, Div. of Inv. v. Fuld, 604 F.3d 816, 823 (3d Cir. 2010) (noting that an unpublished opinion is "as persuasive as its reasoning"); see also Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996) (following an unpublished opinion based on "factual similarity" and "look[ing] to the [unpublished opinion] as a paradigm of the legal analysis").

meritorious defense." E. Coast Exp., Inc. v. Ruby, Inc., 162 F.R.D. 37, 39 (E.D. Pa. 1995) (citation omitted). "Boiled to its essence, this factor militates in favor of vacating the default judgment order as long as the defense is not 'facially unmeritorious.'" Id. (citing Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123 (3d Cir. 1983)). As it pertains to potential prejudice to the plaintiff, "[p]rejudice is established . . . when a plaintiff's ability to pursue the claim has been hindered . . . [by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 524 (3d Cir. 2006) (unpublished)[3] (cleaned up). "With respect to the third factor, in this context culpable 'conduct means actions taken willfully or in bad faith.'" McGrath v. Greater Johnstown Water Auth., No. 23-cv-00270, 2024 WL 326830, at *6 (W.D. Pa. Jan. 29, 2024) (citing Gross, 700 F.2d at 123–24).

## III. DISCUSSION

### A. Arguments of the Parties

In arguing that the Court should open the default judgment, Defendant's motion is based on three main contentions. First, Defendant cites Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6), insofar as he argues that the Court should open the default judgment due to "inadvertence, excusable neglect, and the catch-all of any other reason that justifies relief." (Doc. No. 15 at 8.) Defendant maintains that Plaintiff will not be prejudiced if the default judgment is opened. (Id. at 10.) Defendant alleges that the attorneys provided by Plaintiff for Defendant in the underlying state action "were ineffective and never explained to Defendant his

---

[3] The United States Court of Appeals for the Third Circuit has acknowledged that its unpublished opinions may nonetheless contain persuasive reasoning. See Fuld, 604 F.3d at 823 (noting that an unpublished opinion is "as persuasive as its reasoning"); see also Drinker, 78 F.3d at 864 n.12 (following an unpublished opinion based on "factual similarity" and "look[ing] to the [unpublished opinion] as a paradigm of the legal analysis").

rights regarding the default judgment or challenging default judgment." (Id.) It follows, according to Defendant, that because following entry of the default judgment Plaintiff directed the attorneys hired to represent Defendant in the underlying case to withdraw, then Plaintiff (or those attorneys) may have been obligated to inform Plaintiff about the default judgment and the procedure for having it reopened. (Id. at 10–11.)

Next, Defendant asserts that he has a meritorious defense to the declaratory judgment action. (Id. at 11.) Namely, Defendant maintains that he "did indeed cause bodily injury to Mr. Singer, but he never intended to do so. This genuine lack of intent very well could trigger Plaintiff's homeowner's insurance coverage." (Id.)

Lastly, Defendant asserts that he was not culpable in causing any delay in these proceedings. (Id.) Defendant maintains that when he was served with the complaint in prison, "he did not completely understand what it was, and he knew he had attorneys representing him in the underlying action." (Id.) Defendant notes that upon his release from prison, which occurred more than two (2) months before default judgment was entered, he received a letter informing him that his attorneys in the underlying state action were withdrawing unless Defendant decided to retain them on his own. (Id. at 12.) Defendant asserts that because he could not afford to retain those attorneys, and because those attorneys did not explain "that another option would be to lift the default judgment," the Court should find that this factor weighs in favor of opening the default judgment so this case can proceed on the merits. (Id.)

In response, Plaintiff first notes that the existence of a meritorious defense is a threshold issue, and further states that Defendant lacks such a defense. (Doc. No. 16 at 8.) Plaintiff asserts that: (1) Defendant has not attached a proposed answer, which the relevant authority requires as part of a motion to reopen a default judgment; (2) even if the Court gives credence to the defense

6

asserted in Defendant's brief, such a defense is not meritorious or supported by evidence; and (3) in the absence of a complete defense, the Court should deny Defendant's motion. (Id. at 9–10.)

Next, Plaintiff asserts that Defendant fails to address the "bully exclusion" provision of his homeowners insurance policy. (Id. at 10.) Plaintiff maintains that the "uncontested facts" of this case show that Defendant engaged in behavior that qualifies as bullying, such that the homeowners insurance policy does not cover the altercation with Mr. Singer. (Id.) Because Defendant merely asserts that he did not intend to harm Mr. Singer, Plaintiff maintains that this is an insufficient defense to the bully exclusion, and it follows that denial of Defendant's motion is warranted. See (id. at 11). Plaintiff further asserts, more generally, that Defendant's "purported defense belongs in the category of threadbare and conclusory denials" which do not satisfy the standard for reopening a default judgment. (Id. at 11–14.) Plaintiff cites Defendant's guilty plea colloquy, in which Defendant acknowledges the nature of his actions, and further notes that the natural and probable result of Defendant's conduct was to injure Mr. Singer. (Id.) Plaintiff cites 18 Pa. C.S.A. § 2902(a), the charge to which Defendant pleaded guilty, noting that the statute requires a "knowing" mens rea, rendering his guilty plea a direct contradiction of his assertion in the present motion that he did not intend to injure Mr. Singer. (Id. at 13–14.)

On the question of prejudice, Plaintiff maintains that it would be prejudiced by the opening of the default judgment. (Id. at 15.) Plaintiff asserts that should the Court grant Defendant's motion, it "will face two prejudicial alternatives." (Id. at 16.) On one hand, Plaintiff could let the underlying action proceed without any counsel to represent Defendant. (Id.) Plaintiff cites Champion v. Chandler, a decision of the United States District Court for the Eastern District of Pennsylvania, for the proposition that an insurer is prejudiced by the inability to participate in a lawsuit where it must pay the judgment. See (id. (citing Champion v.

7

Chandler, No. 96-cv-07263, 1999 WL 820460 at *6 (E.D. Pa. Sept. 29, 1999)).  On the other hand, Plaintiff maintains that the alternative is appointing counsel, again, to represent Defendant in the underlying proceedings, which would prejudice Plaintiff because they would need to pay attorneys to represent someone for conduct clearly outside of the scope of the homeowners insurance policy.  (Doc. No. 16 at 16.)  In further support of this position, Plaintiff asserts that Defendant has begun cooperating with Mr. Singer's attorneys.  (Id.)  Plaintiff alleges that, after it instructed Defendant's attorneys (TTH) in the underlying proceedings to withdraw, the attorneys moved for leave to withdraw, and the Court of Common Pleas granted the motion.  (Id.)  However, Mr. Singer then moved for reconsideration of the order granting the motion, attempting to prevent TTH from withdrawing.  (Id.)  Correspondence reveals that Mr. Singer's attorneys reached out to TTH, asking them to assist in getting the default judgment in this Court set aside.  (Id. at 17 (citing Doc. No. 16-4 at 23–24).)  Plaintiff asserts that, while TTH did not accede to this request for assistance on ethical grounds, the cooperation between Mr. Singer's attorney and Defendant continued.  (Doc. No. 16 at 17.)   Plaintiff then cites an attached exhibit, which shows that the Court of Common Pleas of Cumberland County granted the parties' request for a continuance, so that Defendant could hire another attorney and file the pending motion before this Court.  (Id. at 18 (citing Doc. No. 16-6).)  Plaintiff essentially argues that, considering all these events, it is impossible for Defendant to "overcome" his mistrust of Plaintiff or for Plaintiff to expect Defendant to stop cooperating with Mr. Singer and his counsel.  (Doc. No. 16 at 18.)

      Next, Plaintiff asserts that Defendant cannot identify how this situation is extraordinary, thus entitling him to relief pursuant to Federal Rule of Civil Procedure 60(b)(6).  (Id. at 19.)

Plaintiff maintains that Defendant "had actual knowledge of the Complaint and the Summons, so it was entirely foreseeable that his failure to answer would result in a default judgment." (Id.)

Finally, Plaintiff maintains that Defendant's motion was untimely. (Id. at 20.) On this point, Plaintiff first asserts that the one-year limit delineated in Federal Rule of Civil Procedure 60 is an outer bound, and it is not the case that any Rule 60(b) motion is timely if filed within one (1) year of a judgment. (Id.) Plaintiff points out that Defendant filed this motion more than ten (10) months after the Court's original order and failed to offer any explanation as to what caused the delay in filing the present motion. (Id. at 21.) Plaintiff notes that Defendant was released from incarceration on May 23, 2023, and maintains that, the entry of default occurred "more than two months later, so clearly, prison is no excuse" for Defendant's failure to defend his interests in this case. See (id.). Because Defendant fails to offer any definitive reasoning explaining why he never filed an answer to the complaint, and subsequently took ten (10) months to initiate the instant motion to open the default judgment, Plaintiff asserts that the Court should deny Defendant's motion. See (id. at 21–22).

### B. Whether the Court will Grant Defendant's Motion

The Court first evaluates whether Defendant's motion is timely pursuant to Federal Rule of Civil Procedure 60, before analyzing the merits of the parties' arguments.

#### 1. Timeliness of Defendant's Motion

"[A] threshold matter that must be satisfied before one can prevail on a Rule 60(b) motion is that such a motion be filed within a reasonable time." Paluch, 2008 WL 4132960, at *2. Defendant cites Federal Rules of Civil Procedure 60(b)(1) and (b)(6) as providing the basis for the relief he seeks. (Doc. No. 15 at 8.) As it pertains to Federal Rule of Civil Procedure 60(b)(1), a claim is per se untimely if filed more than one year after the entry of judgment. See

9

Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (highlighting the "strict one year time limitation in which to bring an action" pursuant to Federal Rule of Civil Procedure 60(b)(1)); see also In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010) (unpublished)[4] (highlighting how motions filed pursuant to Federal Rules of Civil Procedure 60(b)(1)(2) and (3) "are untimely per se if made more than one year from the date of the entry of the order or judgment").  "Therefore, claims made under clauses (1), (2), and (3) must be brought within one year of the entry of judgment to be timely, but even if they are, they may still be untimely if an unreasonable period of time has passed." In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig., 383 F. App'x at 246.  Additionally, "the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (citation omitted).

     The Court first addresses Defendant's contention that the default judgment should be opened due to "inadvertence, excusable neglect, and the catch-all of any other reason that justifies relief." (Doc. No. 15 at 8.)  The Court recognizes that Defendant filed his motion within one year of the entry of the default judgment against him, which means that his motion is not per se untimely pursuant to Federal Rule of Civil Procedure 60(b)(1).  However, even if the motion is made within one year it "may still be untimely if an unreasonable period of time has passed." See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig., 383 F.

---

[4] The United States Court of Appeals for the Third Circuit has acknowledged that its unpublished opinions may nonetheless contain persuasive reasoning.  See Fuld, 604 F.3d at 823 (noting that an unpublished opinion is "as persuasive as its reasoning"); see also Drinker, 78 F.3d at 864 n.12 (following an unpublished opinion based on "factual similarity" and "look[ing] to the [unpublished opinion] as a paradigm of the legal analysis").

App'x at 246 (citing Moolenaar, 822 F.2d at 1346 and Sorbo v. United Parcel Serv., 432 F.3d 1169, 1178 n.7 (10th Cir. 2005) (noting that "the reasonable-time requirement applies to all Rule 60(b) motions, even if the motion implicates and satisfies the one-year limit as well")).

Here, ten (10) months passed between the entry of default judgment against Defendant and his filing of the instant motion. Defendant asserts that he was "incarcerated at the Cumberland County prison at the time of the commencement of this action." (Doc. No. 15 at 4.) While this fact points in favor of a finding of excusable neglect, the Court further observes that Defendant was served with the complaint in the instant action while in Cumberland County prison. See (Doc. No. 5). However, according to the parties' submissions, Defendant was not incarcerated when Plaintiff requested an entry of default on June 12, 2023 (Doc. No. 7), at the time of the Clerk of Court's entry of default on June 15, 2023 (Doc. No. 8), nor was he incarcerated when Plaintiff filed its motion for default judgment on June 16, 2023 (Doc. No. 9), brief in support of that motion, also on June 16, 2023, (Doc. No. 10), or when the Court granted Plaintiff's motion on August 3, 2023 (Doc. Nos. 11, 12, 13). Generally, "excusable neglect" pursuant to Rule 60(b) "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993). Here, the Court concludes that it was not simply negligence, but instead a willful decision by Defendant to forego the filing of the instant motion or take any action in this case for more than ten (10) months. As Defendant concedes, when he "was served with the complaint in prison, he did not completely understand what it was, and he knew he had attorneys representing him in the underlying action." (Doc. No. 15 at 11.) This statement concedes that, at best, Defendant was aware of the ongoing proceedings in this Court and chose not to take any action for almost a year. As Plaintiff correctly notes,

11

> [b]y adding the qualification 'completely,' Arnold tacitly admits to having some level of understanding of the summons and Complaint. Moreover, he was released from jail on May 23, 2023. The default was entered more than two months later, so clearly, prison is no excuse for failing to answer the Complaint.

(Doc. No. 16 at 21.) Accordingly, the Court finds that, pursuant to Federal Rule of Civil Procedure 60(b)(1), Defendant did not file his motion in a reasonable amount of time sufficient to make it timely.

To the extent Defendant pursues relief pursuant to Federal Rule of Civil Procedure 60(b)(6), the Court observes that 60(b)(6) is the "catchall provision which allows a court to relieve a party from the effects of an order for any other reason justifying relief from the operation of the judgment."  See Coltec Indus., Inc., 280 F.3d at 273 (citation omitted). As noted supra, the Supreme Court of the United States held that a Court may provide relief pursuant to Federal Rule of Civil Procedure 60(b)(6) only upon "a showing of 'extraordinary circumstances.'"  See Gonzalez v. Crosby, 545 U.S. 524, 536 (2005). The Court finds that Defendant has not made such a showing here. To the contrary, Defendant acknowledges that he was served with the complaint in this case and that he received a letter informing him that TTH was withdrawing from the Cumberland County case. (Doc. No. 15 at 11–12.)  And following these concessions, Defendant offers no justification for failing to file an answer to Plaintiff's complaint, nor does he explain why it took more than a year for him to file anything on the docket of this case. Based on the record and parties' arguments, the Court finds that Defendant has not demonstrated that extraordinary circumstances are present such that he can pursue relief pursuant to Federal Rule of Civil Procedure 60(b)(6).  See Cox v. Horn, 757 F.3d 113, 115 (3d Cir. 2014) (stating that "for 60(b)(6) relief, what must be shown are extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur") (internal quotations omitted).

In summary, the Court finds that, under both Federal Rules of Civil Procedure 60(b)(1) and (b)(6), Defendant's motion was not filed in a reasonable time and the Court will therefore deny Defendant's motion.

## 2. Merits of Defendant's Motion

However, assuming arguendo that Defendant's motion is timely, the Court proceeds to evaluate the merits of Defendant's motion. As noted supra, in evaluating whether to grant Defendant's motion to open default judgment, the Court looks at "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct."  See 55,518.05 in U.S. Currency, 728 F.2d at 195.  As a threshold matter, the Court examines whether Defendant has a meritorious defense. See Hritz, 732 F.2d at 1181; see also Acosta v. Costa, No. 23-cv-21557, 2024 WL 328506, at *2 (D.N.J. Jan. 29, 2024) (noting that "the matter of whether a defendant has a meritorious defense is a 'threshold question' in ruling on a motion to vacate a default judgment").  Upon review of the parties' briefs, the exhibits attached to said briefs, and relevant authority, the Court finds that Defendant does not have a meritorious defense.

First, although Plaintiff incorrectly argues that 55,518.05 in U.S. Currency requires that a motion to open default judgment include a proposed answer (Doc. No. 16 at 9), the Court notes that the filing of an answer, or responsive pleading, is typical in these cases.  See, e.g., Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987) (stating that "Sambrick filed a motion on February 3, 1987 to set aside the default judgment together with a proposed answer"); Am. Shoring, Inc. v. Miniscalco Constr., LLC, No. 15-cv-02612, 2015 WL 5144028, at *3 (E.D. Pa. Aug. 31, 2015) (noting that "Defendants have described their defense to American Shoring's claims in their Motion and have also submitted their proposed Answer to the Complaint");

Marks & Sokolov, LLC v. Mireskandari, No. 13-cv-03152, 2015 WL 1133788, at *7 (E.D. Pa. Mar. 11, 2015) (observing that "Defendants have not even attached a proposed Answer to their motion to set aside the default judgment" in finding that Defendants lacked a meritorious defense).

In the instant motion, Defendant simply asserts that "Defendant's conduct did indeed cause bodily injury to Mr. Singer, but he never intended to do so." (Doc. No. 15 at 11.) Defendant did not file a proposed answer or include any additional supportive affidavits. Accordingly, the Court can only evaluate whether Defendant's asserted defense—that he did not intend to cause Mr. Singer bodily injury—is a meritorious defense to the declaratory judgment action in which Plaintiff claims that it is not required to provide Defendant coverage in the Cumberland County case arising from the altercation between Defendant and Mr. Singer.

Upon review of Defendant's brief in support of his motion to open the default judgment, and in the absence of the filing of an answer or responsive pleading, the Court finds that Defendant has not provided a meritorious affirmative defense sufficient to warrant reopening the default judgment. As discussed supra, "[t]he defendant must allege 'specific facts beyond simple denials or conclusionary statements' in order to establish a meritorious defense." See E. Coast Exp., Inc., 162 F.R.D. at 39 (E.D. Pa. 1995). The Court finds that all Defendant has offered is a conclusionary statement, and has not provided the Court with any "specific facts" beyond a simple assertion that when he shoved Mr. Singer, he did not intend to injure him. See id.

Additionally, as Plaintiff notes, the homeowners insurance policy provided to Defendant, under which Plaintiff claims it has no obligation to defend him in the Cumberland County proceedings, specifically excludes coverage for "[b]odily injury or property damages arising out of the acts of bullying." (Doc. No. 16 at 10 (citing Doc. No. 16-5 at 58).) Defendant makes no

14

attempt to argue that his decision to shove Mr. Singer was not an act of "bullying" as defined by the homeowners policy.  See (Doc. No. 16-5 at 51).[5]  Accordingly, the Court finds that, even assuming the truth of Defendant's conclusory assertion that he lacked the intent to injure Mr. Singer, he still fails to demonstrate a meritorious defense to Plaintiff's complaint.  To that end, the Court further finds that this defense is "facially unmeritorious" see Gross, 700 F.2d at 123, and thus Defendant cannot meet the threshold requirement of establishing a meritorious defense.

Next, in the interest of thoroughness, the Court looks at "whether the plaintiff will be prejudiced."  See 55,518.05 in U.S. Currency, 728 F.2d at 195.  While Defendant asserts that "there is no readily identifiable prejudice to Plaintiff, an insurance company, in having to defend the claim on the merits," (Doc. No. 15 at 10), the Court is unpersuaded by Defendant's position.  As noted supra, a Court may find a risk of prejudice when a party asserts the "increased potential for fraud or collusion."  See Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982).  Here, Plaintiff discusses, in some detail, how Defendant has begun cooperating with Mr. Singer's attorneys.  (Doc. No. 16 at 16.)  Notably, Mr. Singer's attorney reached out to TTH, requesting help in getting the default judgment entered by this Court set aside.  (Id. at 17 (citing Doc. No. 16-4 at 23–24).)  In this correspondence, Mr. Singer's attorney informed TTH that since the time Plaintiff filed the declaratory judgment action in this Court, "the interests of our clients were aligned" (Doc. No. 16-4 at 23), in reference to Defendant and Mr. Singer.  Then, on June 3, 2024, a status conference was held in the Cumberland County case, and the parties jointly requested a continuance so that Defendant could file a motion to open the default judgment entered in this

---

[5] Bullying is defined in the policy as "a form of violence which includes attack or intimidation causing . . . fear, distress, or harm that is either physical, verbal, or psychological/relational" which "can result in physical injury, social and emotional distress, and even death; whether or not expected or intended by an insured."  See (Doc. No. 16-5 at 51) (emphasis added).

15

case. (Doc. No. 16 at 18 (citing Doc. No. 16-6 at 2 (the Cumberland County Court of Common Pleas order)).) This sudden cooperation between Mr. Singer and Defendant, as documented by the evidence of record, compels a finding that Plaintiff would be prejudiced by the opening of the default judgment, due to the "increased potential for fraud or collusion." See Feliciano, 691 F.2d at 657. This factor too favors denial of Defendant's motion.

Finally, the court assesses "whether the default was the result of the defendant's culpable conduct." See 55,518.05 in U.S. Currency, 728 F.2d at 195. In the Rule 60 context, "culpable conduct means actions taken willfully or in bad faith." See Gross, 700 F.2d at 123–24. Defendant maintains that "[w]hen Defendant was served with the complaint in prison, he did not completely understand what it was, and he knew he had attorneys representing him in the underlying action." (Doc. No. 15 at 11.) Defendant then discusses the timeline of events, and his inability to retain TTH privately. (Id. at 12.) Put simply, the Court finds that Defendant has acknowledged being served with the complaint in this action, having at least some awareness of the nature of these proceedings, and then failing to take any action to defend himself prior to the Court's grant of Plaintiff's motion for a default judgment. Defendant's choice to disregard the proceedings before this Court, when the record clearly establishes his awareness of their pendency, is sufficient to support a finding that Defendant's willful and culpable conduct led to the default. Additionally, in its Memorandum explaining the grant of Plaintiff's motion for default judgment, the Court discussed Defendant's "own culpability" in the default judgment. (Doc. No. 11 at 11.) Accordingly, the Court finds that this factor too weighs against granting Defendant's motion.

In summary, the Court finds that Defendant's motion is untimely pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). Even if it was timely, the Court further finds

that Defendant cannot satisfy the threshold requirement of providing a meritorious defense. In addition, potential prejudice to Plaintiff and Defendant's willful conduct also favor denial of Defendant's motion to reopen the default judgment entered in this case.

## IV.     CONCLUSION

For the foregoing reasons, the Court will deny Defendant's motion to open the default judgment against him. An appropriate Order follows.

s/ Yvette Kane  
Yvette Kane, District Judge  
United States District Court  
Middle District of Pennsylvania